UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CESAR AUGUSTO ENRIQUEZ,

       Plaintiff,
v.

EFC MANAGEMENT SERVICES, LLC,
GLADELMIS M. RODRIGUEZ,
SUSANA FONTANALS,

       Defendants.
_____/

# COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, CESAR AUGUSTO ENRIQUEZ ("Enriquez"), brings this action against Defendants, EFC MANAGEMENT SERVICES, LLC ("EFC"), GLADELMIS M. RODRIGUEZ ("Rodriguez"), and SUSANA FONTANALS ("Fontanals"), and alleges as follows:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Enriquez was a resident of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, EFC was a Florida corporation that regularly transacted business in Miami-Dade County, Florida.

4. Rodriguez is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of EFC, ran the day-to-day operations and had operational control over EFC, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Enriquez.

5. Fontanals is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of EFC, ran the day-to-day operations and had operational control over EFC, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Enriquez.

6. EFC's business involves payroll management.

7. Defendants have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce including but not limited to computers, phones, pens, and paper.

8. Upon information and belief, EFC's gross sales or business done was in excess of $500,000 per year at all times material hereto.

9. EFC was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

10. At all times material hereto, Enriquez engaged in interstate communication on a regular and recurrent basis including but not limited to phone and email with people in Spain, Mexico, and Cuba.

11. Enriquez engaged in interstate commerce on a regular and recurring basis and is individually covered by the FLSA.

12. Enriquez worked for Defendants as a bookkeeper.

13. Defendants failed to pay Enriquez's full and proper overtime wages.

14. Defendants knowingly and willfully refused to pay Enriquez's legally-entitled wages.

15. Attached as **Exhibit A** is a preliminary calculation of Enriquez's claims. These amounts may change as Enriquez engages in the discovery process.

16. Enriquez retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### AGAINST ALL DEFENDANTS

17. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-16 above as if set forth herein in full.

18. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

19. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:   (786) 924-9929
Fax:   (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791